UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

LEON HARRIS,

Defendant.

Criminal Action No. 3:08–CR–491
Civil Action No. 3:12–CV–127

**MEMORANDUM OPINION**

THIS MATTER is before the Court on *pro se* Petitioner, Leon Harris's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (ECF No. 63). For the reasons stated below, the Court DENIES Harris's motions.

**BACKGROUND**

Harris was charged in a five count indictment on November 17, 2008 with two counts of Possession with Intent to Distribute Five Grams or more of Cocaine Base, one count of Possession of a Firearm in Furtherance of Drug Trafficking, one count of Possession of a Firearm by an Unlawful User of Controlled Substances, and one count of Possession of Marijuana. The indictment came after police received a tip on January 28, 2008 from an apartment complex maintenance worker ("Informant") who saw evidence of narcotics inside Harris's apartment. According to Harris, he placed a work order with the management of his apartment complex on January 25, 2008, requesting repair of the heating unit in his apartment. The maintenance worker then entered Harris's apartment nearly three days later when Harris was not home, at which time the maintenance worker observed evidence of narcotics.

Richmond City Police Officers obtained a search warrant based on the information provided by the Informant. The officers executed the search warrant, recovering cocaine base,

cocaine hydrochloride, a baggie containing suspected marijuana, ninety rounds of ammunition, three digital scales, a cell phone, Harris's identification card, a Haskell Hi-Point .45 caliber firearm, and $450.00 in cash. Several months later, on March 11, 2008, Richmond City Police officers pulled Harris over on a traffic stop. A search of the vehicle yielded marijuana, cocaine base, a digital scale, and a photo identification belonging to the Harris. Harris indicated the contents of the vehicle were his and that he also had some cocaine in his sock.

Harris was subsequently indicted on federal charges and pled guilty to one count of Possession with Intent to Distribute Five Grams or more of Cocaine Base, in violation of 21 U.S.C. § 841 ("Count One"), and one count of Possession of a Firearm by an Unlawful Use of Controlled Substances, in violation of 18 U.S.C. § 922(g)(3) ("Count Three"). In exchange for the plea, the Government agreed to dismiss the other charges. Harris initially pled guilty to Counts One and Three on January 13, 2009. The initial plea agreement listed the substantive crimes corresponding to Counts One and Three; however the plea agreement contained a typographical error indicating Harris pled to Counts One and Four. Harris's initial counsel, Reginald Barley, withdrew on April 3, 2009 and was replaced by Yvette Ayala. Ayala moved this Court to allow Harris to withdraw his guilty plea due to the error contained therein. The Court granted Harris's motion to withdraw his guilty plea on May 13, 2009 and set trial for July 2, 2009.

On July 2, 2009, Harris again entered a plea of guilty, this time to a corrected plea agreement indicating Harris pled guilty to Counts One and Three. The Court sentenced Harris immediately to 100 months of incarceration on Count One and 100 months of incarceration on Count Three, to be served concurrently, with four years of supervised release to follow. Harris appealed the Judgment of the Court on July 7, 2009 and was represented on appeal by Robert Flax. The United States moved to dismiss the appeal because the plea agreement contained a waiver of the right to appeal. On August 26, 2010, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") dismissed the appeal, concluding "Harris knowingly and voluntarily waived his right to appeal." *United States v. Harris*, No. 09-4629 (4th Cir. Aug. 26,

2010). Harris sought a writ of certiorari in the United States Supreme Court, which was denied on February 22, 2011.

Harris timely filed his § 2255 Motion on February 12, 2012. In his § 2255 Motion, Harris raises thirteen grounds for relief:

1. Trial counsel was ineffective in questioning the Statement of Facts, adopted with the plea agreement, in order to reveal violations of the Virginia Residential Landlord Tenant Act ("VRLTA") and constitutional violations committed by the Informant.

2. Trial counsel was ineffective in failing to seek suppression of the information police derived from the Informant's tip.

3. Trial counsel was ineffective in failing to conduct preparation and research regarding the affidavit provided by the Informant.

4. Trial counsel failed to return calls or contact Harris after his sentencing.

5. Trial counsel was ineffective in failing to address how $450 in currency was converted to fourteen grams of cocaine base for sentencing guideline calculation purposes.

6. Trial counsel was not truthful when she told Petitioner's parents, just before trial, that if Harris did not accept the plea deal, she would not be available to represent him on appeal.

7. Trial counsel was ineffective in failing to challenge the two-point firearm enhancement in Harris's sentencing guideline calculation.

8. Trial counsel was ineffective in failing to argue the Informant's affidavit was not credible because former colleagues of the Informant would prove the Informant did not tell the truth about not using drugs and would show that Petitioner was a target of the Informant.

9. Trial counsel was ineffective in failing to develop Petitioner's positive character at sentencing.

10. Appellate counsel was ineffective in failing to raise grounds for relief raised by Petitioner, including the veracity of the Informant's Affidavit, the Fourth Amendment violation occurring when the Informant entered Petitioner's apartment, the unchecked credibility of the Informant, and the date the work order was placed on Petitioner's heat that would reveal a violation of the VRLTA.

11. Appellate counsel failed to expound on the conduct of trial counsel as being negligent.

12. Appellate counsel was ineffective for failing to address the formula used in the conversion of $450 in currency to fourteen grams of cocaine base for sentencing guideline calculation purposes.

13. Appellate counsel was ineffective in failing to argue the Statement of Facts, adopted with the plea agreement, was inadequate because it did not contain information about the

VRLTA and constitutional violations that occurred when the Informant entered his apartment.[1]

The United States responded and Petitioner submitted a reply brief on June 19, 2012. Accordingly, the § 2255 Motion is ripe for decision.

## **LEGAL STANDARD**

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999).

A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Therefore, the Court generously interprets Harris's factual allegations and legal contentions.

Ineffective assistance of counsel claims under the Sixth Amendment are examined under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance claim, a petitioner must show: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Id.* There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. A court must consider "the practical limitations and tactical decisions that counsel faced" when making an ineffective assistance of counsel determination.

[1] Harris's final ground for relief is numbered "Ground Fourteen." However, the § 2255 Motion only contains thirteen claims and skips from Ground Twelve to Ground Fourteen. For the sake of clarity, the Court has renumbered the claims.

*Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). When evaluating decisions regarding case investigation, the court must "regard counsel's choices with an eye for 'reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 691). A determination need not be made concerning the attorney's performance if it is clear that no prejudice resulted. *See Strickland*, 466 U.S. at 697. To demonstrate actual prejudice, a petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

A criminal defendant is entitled to effective assistance of counsel when deciding whether to plead guilty. *Padilla v. Kentucky*, 130 S. Ct. 1473, 1480-81 (2010). When a petitioner challenges a conviction after a guilty plea, the "the defendant will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (quoting *Hill*, 474 U.S. at 59). In order "to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 130 S. Ct. at 1485 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 486 (2000)). Where the petitioner alleges counsel's error is a failure to investigate prior to entry of a guilty plea, "the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill*, 474 U.S. at 59. Such a determination "depend[s] in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.*

"Surmounting *Strickland's* high bar is never an easy task." *Padilla*, 130 S. Ct. 1473. Claims of ineffective assistance of counsel "can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). With these principles in

mind, the Court must determine whether Harris's trial and appellate counsel's performance was reasonable under the prevailing professional norms and whether the performance prejudiced Harris in accepting the plea agreement offered by the Government or on appeal.

## DISCUSSION

### 1. THRESHOLD PLEA AGREEMENT ARGUMENT

Despite the Government's argument to the contrary, the Court may consider Harris's arguments regarding his plea agreement. The Government argues that when a § 2255 petition challenges the validity of a plea, the court's inquiry is limited to whether the plea was counseled and voluntary. *United States v. Broce*, 488 U.S. 563, 569 (1989). The Government's argument mischaracterizes Harris's § 2255 Motion. While the Government is correct that Petitioner does not argue his plea was unknowing or involuntary, Harris does not base his claims for relief on the validity of his plea agreement. Instead, Harris asserts that he received ineffective assistance of counsel in making his plea decision, and its appeal, and therefore seeks relief under the Sixth Amendment right to counsel. Accordingly, the Court cannot deny Petitioner's claims simply because he does not establish that the plea agreement was itself invalid.

### 2. APARTMENT SEARCH CLAIMS (CLAIMS 1, 2, 3, 8, 10, 13)

Many of Harris's claims allege errors related to the Informant's entry into his apartment and informing the police about the narcotics evidence he observed while in the apartment. Due to regulatory and constitutional violations allegedly occurring when the Informant entered his apartment, Harris argues the subsequent warrant and police search were also illegal and that his attorneys were ineffective in failing to raise such arguments. Each of Harris's claims regarding the search of his apartment fail.

As an initial matter, Harris's arguments fail because he makes no claim he would have chosen to go to trial but for the errors he alleges his counsel made. *See Frye*, 132 S. Ct. at 1409. Given Harris's *pro se* status, however, the Court will not end its analysis simply because he failed to make such an allegation. Instead, the following analysis considers whether any of the

arguments raised would have changed the outcome of a potential trial and whether that would have made a decision to proceed to trial reasonable or changed trial counsel's recommendation regarding the plea agreement. *See Padilla*, 130 S. Ct. at 1485; *Hill*, 474 U.S. at 59.

*Claims 1 and 2* are denied because Harris does not have a meritorious Fourth Amendment claim regarding the Informant's entry into his apartment. Failure of defense counsel to raise a Fourth Amendment argument only constitutes ineffective assistance of counsel where a petitioner proves that his "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Harris's claims that his Fourth Amendment rights were violated as a result of the search of his apartment are far from meritorious.

Harris argues the seventy-one hour and forty-nine minute delay between requesting repair on his heat and the actual repair taking place constitutes a violation of the VRLTA and thus the search based on evidence seen when the maintenance worker came to the apartment violated the Fourth Amendment. The VRLTA does require a landlord to maintain the premises in a habitable conduction, including ensuring heat is provided during the winter months.[2] Va. Code § 55-248.13(A)(7). However, even if the nearly three day delay in repairing the heat constitutes a violation of the VRLTA, Harris cites, and the Court finds, no authority for the proposition that a violation of the VRLTA has any bearing the validity of a subsequent search under the Fourth Amendment. Rather the tenant's remedy for a landlord's failure to provide heat is that the tenant may "recover damages based on diminution in the fair rental value of the dwelling unit; or [p]rocure reasonable substitute housing . . . in which case the tenant is excused from paying rent for the period of the landlord's noncompliance." Va. Code § 55-248.23. Accordingly, a delay in repairing the heat in Harris's apartment, ultimately resulting in the

[2] Under the VRLTA, the tenant consents to the landlord entering the dwelling unit to make necessary or agreed upon repairs; when "the tenant makes a request for maintenance, the landlord is not required to provide notice [of entry into the dwelling unit] to the tenant." Va. Code. § 55-248.18(A).

Informant's tip to police, does not invalidate the search warrant under the Fourth Amendment. The Court therefore DENIES Claims 1 and 2 because Harris does not present a meritorious Fourth Amendment claim.

*Claims 3 and 8* must also be dismissed because Harris fails to show prejudice as a result of counsel's failure to challenge the credibility of the Informant. *See Strickland*, 466 U.S. at 697. When determining whether an informant's tip establishes probable cause for issuance of a search warrant a court must consider the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). A court reviewing a probable cause determination is not to conduct a *de novo* review; rather the court is "only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984). Here, Harris contends his trial counsel should have informed the Court that the Informant was untruthful when he said he did not use drugs and that Harris was a target of the Informant's as evidenced by the Informant's employment changes prior to working for the apartment complex where Harris resided.

Harris cannot show prejudice because the information he alleges about the Informant does not change the probable cause analysis. A review of the affidavit provided to the magistrate reveals no claim that the Informant did not use drugs; the affidavit merely states "over the years [Informant] has observed marijuana in the past and seven years ago divorced his wife who had an addiction to cocaine." Resp't Resp. § 2255 Motion Ex. D, at 4 [hereinafter Search Warrant]. This information was included in the affidavit to indicate that the Informant had sufficient familiarity with drugs, specifically marijuana and cocaine, to reliably identify the items he observed at Harris's apartment. Were the Court to learn the Informant had more familiarity with illegal drug use, it would not negate the magistrate's probable cause determination. Further, the Informant's job history, which Harris contends negates probable cause, was included in the affidavit supporting the search warrant. Search Warrant 3. This information was therefore considered by the magistrate and in no way indicates Harris was a target of the

Informant's. The information provided by Harris therefore does not change the probable cause analysis in any way and Harris was not prejudiced by counsel's failure to raise the information to the district court. Accordingly, the Court DENIES Claims 3 and 8.

*Claims 10 and 13* must be denied because Harris again fails to show he was prejudiced by counsel's decision not to raise any apartment search claims on appeal. Harris contends that his appellate attorney should have raised the same issues he says his trial counsel should have raised as discussed above. Harris, however, waived his right to appeal under Rule 11 of the Federal Rules of Criminal Procedure. A waiver of the right to appeal pursuant to a plea agreement is "enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994) (internal quotation marks and citations omitted). A validly entered into waiver of appeal can be challenged only on a few specific grounds, including that the sentence was imposed in excess of the maximum penalty provided by statute, the sentence was based on a constitutionally impermissible factor such as race, or that the sentence was imposed in a proceeding where defendant was denied his Sixth Amendment right to counsel. *Id.* at 732 (citing *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992)). The grounds Harris contends his appellate counsel should have raised do not fall within the categories of challenges that can be raised despite entering into a waiver of appeal through a valid plea agreement. Accordingly, even if Harris's attorney raised these grounds on appeal, they would have been dismissed by the Fourth Circuit along with the remainder of his appeal upon its finding that "Harris knowingly and voluntarily waived his right to appeal." *Harris*, No. 09-4629. Even if the Fourth Circuit did not to dismiss the additional claims Harris argues should have been raised on appeal, he still fails to show prejudice for the same reasons there was no prejudice when his trial counsel chose not to raise the issues in the district court. The outcome would not have changed on appeal just as it would not have changed at trial. *See supra* Claims 1 and 2. The Court therefore DENIES Claims 10 and 13.

**3. SENTENCING CLAIMS (CLAIMS 5, 7, 9, 12)**

*Claims 5 and 12* are denied because Harris fails to show prejudice as a result of the cash conversion ratio used in calculating his sentencing guidelines. The Presentence Investigation Report ("PSR") indicates Harris was held accountable for 30.765 grams of cocaine base for guideline purposes. Fourteen of those grams were attributed to Harris due to the conversion of the $450 in U.S. currency found in his apartment, converted in accordance with the Drug Enforcement Administration's assessment of the street-level value of cocaine base. Harris provides two news articles from 2010 indicating one gram of cocaine base had a street-level value of approximately $100. Harris improperly relies on news articles from *two years* after his crime; however, even if Harris's street level value was proper no prejudice results from the conversion used in the PSR. Based on Harris's proposed conversion, the $450 in currency would be equivalent to 4.5 grams of cocaine base. As a result, his total drug quantity would be 21.265 grams of cocaine base. The guideline range in Harris's case was based on a Base Offense Level of 26 for "At least 20 G but less than 35 G of Cocaine Base." U.S.S.G. § 2D1.1(c)(7) (2008). Regardless of whether the total drug quantity was 30.765 or 21.265 grams of cocaine base, Harris's base offense level would have been at 26. Accordingly, Harris cannot demonstrate he was prejudiced by trial or appellate counsel's failure to argue the conversion was improper. The Court therefore DENIES Claims 5 and 12.

*Claim 7* is also denied because Harris fails to show he was prejudiced by trial counsel's failure to challenge the two-level enhancement to his guideline calculation for possession of a firearm. Section 2D1.1(b)(1) of the sentencing guidelines provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." The application notes provide that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in his closet." U.S.S.G. § 2D1.1 cmt. n.3 (2008). In Harris's case, a Haskell Hi-Point .45 caliber

firearm was found in an open closet of his apartment on the same floor where police recovered cocaine base, cocaine hydrochloride, marijuana, 90 rounds of ammunition (.45 and .38 caliber), three digital scales, a cell phone, Harris's identification card, and a receipt for a firearm. Harris admitted to possession of the firearm by pleading guilty to Count Three of the indictment. At sentencing, therefore, counsel was limited to challenging whether the firearm was connected to the offense. Any such an argument would have failed. The fact the handgun found in Harris's apartment was unloaded and in an open closet does not make it "clearly improbable that the weapon was connected with the offense." The firearm is not a hunting rifle as considered by the example in the application note and the ammunition and firearm receipt found with the drugs and related items make it clear this firearm was connected to the offense. Even if trial counsel made the argument the firearm was not connected with the offense, the argument would have failed and Harris's guideline range would not have been different. Claim 7 is therefore DENIED.

*Claim 9* is denied because, despite the fact Harris's counsel failed to present substantial arguments on his behalf at sentencing, Harris cannot show prejudice resulted. The Fourth Circuit has held that the *Strickland* ineffective assistance of counsel test applies in both capital and noncapital sentencing proceedings. *United States v. Conner*, 456 Fed. App'x 300, 304 (4th Cir. 2011) (citing *Glover v. United States*, 531 U.S. 198, 202-204 (2001)). What constitutes deficient performance varies depending on whether the proceeding is capital or noncapital. *Id.* In determining deficient performance in a noncapital sentencing proceeding, the ABA Criminal Justice Standards are informative. *Id.* The ABA standards, published in 1993, "indicate that defense counsel in a noncapital sentencing proceeding should (1) promptly investigate the circumstances and facts relevant to sentencing, (2) present the court with any basis that will help achieve an outcome favorable to the defense, and (3) supplement or challenge information provided in any presentence report." *Id.* (citing ABA Criminal Justice Standards 4–4.1(a) and 4–8.1(b)).

Prejudice in noncapital sentencing requires a showing that the defendant received a

greater sentence than he would have, but for counsel's unprofessional errors. *See Glover*, 531 U.S. at 204. In *Glover*, the Supreme Court rejected the Seventh Circuit's heightened prejudice requirement that a defendant prove his sentence would have been *substantially* less but for counsel's unprofessional errors. *Id*. The Court held that "any amount of actual jail time has Sixth Amendment significance," and therefore, a claim of ineffective assistance of counsel did not require a showing of a significantly increased sentence as a result of counsel's errors. *Id*.; *United States v. Soto*, 10 Fed. App'x 226, 228 (4th Cir. 2001). *Glover*'s holding was explicitly limited to mandatory sentencing systems, and therefore, may be questioned after *United States v. Booker*, 543 U.S. 220 (2005), made the federal sentencing guidelines advisory only.[3] *See Glover*, 531 U.S. at 204. However, the Fourth Circuit has not indicated a higher prejudice standard is applicable after *Booker*. *Cf. United States v. Spafford*, No. 1:08cr37 2010 WL 2991034, at *2 (W.D. Va. July 28, 2010) ("In the sentencing context, a prisoner may demonstrate prejudice by showing that he or she received additional prison time at sentencing.") (citing *Glover*, 531 U.S. 198).

Though Harris's trial counsel likely performed deficiently in failing to make arguments for a lower sentence on Harris's behalf, *see* Sentencing Tr. 16-17, July 2, 2009, Claim 9 fails because Harris cannot show he was prejudiced by his attorney's deficient performance. Harris was sentenced by the Court to 100 months of imprisonment, the very low end of the applicable guideline range. In order to impose a lower sentence, the Court would have had to determine grounds for a downward departure existed or exercise its discretion to vary downward based on the factors set forth in 18 U.S.C. § 3553(a). *See Rita v. United States*, 551 U.S. 338, 351 (2007); U.S.S.G. Ch. 1 Pt. A, introductory cmt. (2008). Harris contends that his attorney should have presented evidence regarding changes Harris made in his life, his intention to attend trade school, or the testimony of his parents at sentencing and that this may have persuaded the Court

[3] When reviewing ineffective assistance of counsel claims with regard to discretionary state sentencing proceedings, the Fifth Circuit continues to require a heightened showing of prejudice, requiring a petitioner to show he would have received a "significantly less harsh" sentence in order to prevail. *Ward v. Dretke*, 420 F.3d 479, 498 (5th Cir. 2005).

to vary downward from the advisory guideline range. None of the information Harris argues his attorney should have raised warrants a downward departure under the guidelines. Nor does the information overcome the evidence contained in the PSR that indicates Harris was held accountable for 30.765 grams of cocaine base, possessed other illegal substances, possessed a firearm and 90 rounds of ammunition, and had a criminal history that included a number of prior drug charges. Based on the facts before the Court at the time of sentencing, Harris does not prove that there is a reasonable probability the Court would have exercised its discretion to vary downward from the guideline range if it heard the additional information Harris contends his attorney should have presented at sentencing. Claim 9 is therefore denied because Harris cannot show prejudice.

**4. GENERAL COMPLAINTS ABOUT COUNSEL'S PERFORMANCE (CLAIMS 4, 6, 11)**

*Claim 4* is denied because Harris fails to show prejudice as a result of counsel's failure to return calls after sentencing and to file an appeal on his behalf. Though an attorney provides ineffective assistance of counsel when failing to "follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in a plea agreement," *United States v. Poindexter*, 492 F.3d 263, 265 (4th Cir. 2007), Harris fails to show he was prejudiced by his trial counsel's failure to return his calls. Harris concedes he wrote a letter to the Court himself to file an appeal. He was then appointed appellate counsel, who timely filed an appeal on his behalf. Petitioner therefore suffered no prejudice as a result of counsel's failure to return his post-sentencing calls and Claim 4 is DENIED.

*Claim 6* is denied because Harris fails to show prejudice resulted from statements made by his attorney to his family on the morning he entered into the second plea agreement. Harris cannot reasonably argue he would not have entered into the plea agreement but for statements made to his parents on the morning of July 2, 2009 when he entered into the second plea

agreement. The docket in Harris's case indicates the Court was notified on June 23, 2009 that Harris intended to plead guilty. Additionally, in a letter dated June 18, 2009, Harris's trial attorney outlined Harris's concerns about taking a plea and his attorney's ultimate recommendation that Harris enter into the plea agreement. On that day, Harris filled out the last two pages of the letter indicating that he "wish[ed] to take the plea agreement." Given that Harris decided to plead guilty two weeks before the plea hearing and that the plea agreement resulted in three charges being dismissed against him, Harris fails to make a reasonable showing that he would not have entered into the plea agreement had his attorney not spoken with his parents prior to the hearing. Accordingly, the Court DENIES Claim 6.

*Claim 11* is also denied because Harris cannot show prejudice. Claim 11 alleges appellate counsel should have gone further to expound on the conduct of trial counsel as negligent. Petitioner argues appellate counsel should have made a showing of how unprepared his trial counsel was and shown that the sentence he received was greater because of counsel's unpreparedness. The *Strickland* standard applies when determining whether appellate counsel was ineffective. To satisfy the performance prong, the petitioner must show that "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith v.* Robbins, 528 U.S. 259, 285 (2000). Claims of ineffective assistance of counsel are generally not cognizable on direct appeal, unless an attorney's ineffectiveness is apparent from the record. *United States v. James*, 337 F.3d 387, 391 (4th Cir. 2003). Though a claim of ineffective assistance of trial counsel can be raised on appeal if ineffectiveness is apparent from the record, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 508 (2003). Because Harris's ineffective assistance of trial counsel's claims can be, and have been, fully considered in this § 2255 proceeding, Harris was not prejudiced by appellate counsel's failure to raise trial counsel's ineffectiveness on direct appeal. *See id.; United States v. Stewart,* No. 1:06cr46, 2011 WL 4595249, at *8 (W.D. Va. Oct.

3, 2011). Claim 11 is therefore DENIED because Harris cannot show prejudice.

*Various Other Complaints:* To the extend Harris raises other claims in his reply brief, the claims are DENIED. Though Harris claims in his reply brief that trial counsel never told him his plea agreement would waive his right to appeal, at the plea and sentencing hearing, the Court questioned Harris at length regarding his plea agreement to ensure his knowing and voluntary plea. The Court explicitly indicated to Harris, "You have agreed to waive your right to appeal any conviction or any sentence imposed by the Court, as long as that sentence is within the statutory maximum." Sentencing Tr. 7. After this explanation by the Court, Harris entered into the plea agreement. Accordingly, Harris knew he waived his right to appeal with his plea agreement and was not prejudiced by trial counsel's alleged failure to indicate the plea agreement waived Harris's right to appeal.

## I. CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Harris is entitled to further consideration of his claims. Accordingly, the Court DENIES a certificate of appealability.

## CONCLUSION

For the reasons stated above, Defendant's § 2255 Motion is DENIED. A Certificate of Appealability is also DENIED.

Let the Clerk send a copy of this Memorandum Opinion to Petitioner and all counsel of record.

An appropriate order shall issue.

/s/
James R. Spencer
United States District Judge

ENTERED this 3rd day of September 2013.